IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON S. YOUNG, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1337 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Federal Tort Claims Act ("FTCA") case is before the Court on the Motion to Limit Plaintiff Sharon Young's Ad Damnum Clause ("Motion") [Doc. # 33] filed by Defendant United States of America, to which Plaintiff Sharon Young filed a Response [Doc. # 36], and Defendant filed a Reply [Doc. # 37]. Based on the Court's review of the record and governing legal authorities, the Motion is **denied without prejudice**.

Plaintiff Sharon Young was injured on August 14, 2008, when the vehicle she was driving was rear-ended by the driver of a United States Postal Service vehicle. In her administrative claim, Plaintiff claimed $2,500,000.00 in total damages. In her First Amended Complaint filed in this lawsuit, Plaintiff increased her claim to $3,750,000.00.

A plaintiff in an FTCA lawsuit cannot claim more than asked for in the administrative claim unless the increase is justified by newly discovered evidence that was not reasonably discoverable at the time the administrative claim was filed or by proof of intervening facts relating to the amount of the claim. *See* 28 U.S.C. § 2675(b); *Dickerson v. United States*, 280 F.3d 470, 474-75 (5th Cir. 2002); *Lebron v. United States*, 279 F.3d 321, 329 (5th Cir. 2002). The plaintiff has the burden to prove that the increase is justified by newly discovered evidence or intervening facts. *See Lebron*, 279 F.3d at 330.

The new information on which the plaintiff in an FTCA case relies "cannot surmount the bar created by § 2675(b) if the information merely concerns the precision with which the nature, extent, or duration of a claimant's condition can be known." *Id.* The newly discovered evidence is sufficient to allow the increase, however, "if it sheds new light on the basic severity of the claimant's condition – that is, if it materially differs from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed." *Id.* at 331.

In this case, Plaintiff argues that the increased *ad damnum* clause in the First Amended Complaint is justified by newly discovered evidence indicating a failed spinal fusion and the need for an unanticipated surgery on July 19, 2011, one year after the administrative claim was filed on July 19, 2010. Plaintiff argues that it was

not until a consultation with Dr. Mark Burnett on June 23, 2011, that she learned the original spinal fusion may have failed. Dr. Burnett performed a fusion revision surgery on July 19, 2011, and Plaintiff filed her First Amended Complaint eight (8) days later on July 27, 2011.

Defendant relies primarily on the Medical Disclosure and Consent form provided to Plaintiff prior to the original spinal fusion surgery. The disclosure form lists all possible complications from the surgery, including the need for additional surgery. Plaintiff points out that the disclosure form also lists paralysis and death as possible complications and argues that she should not be required to file an administrative claim for all possible complications, no matter how extreme and highly unlikely.

The Court cannot determine from the current record whether Plaintiff can satisfy her burden to demonstrate that the increased amount sued for in this case is justified by newly discovered evidence or intervening facts. The case is scheduled for docket call on July 30, 2012, and will be tried to the Court shortly thereafter. If the Court determines that Plaintiff's damages in this case exceed the $2,500,000.00 requested in the administrative claim, the Court will decide at that point, based on all evidence in the record, whether an increased amount is justified under § 2675(b). Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Limit Plaintiff Sharon Young's Ad Damnum Clause [Doc. # 33] is **DENIED WITHOUT PREJUDICE** to being reurged should the Court determine following trial that Plaintiff's damages exceed $2,500,000.00.

SIGNED at Houston, Texas, this 6th day of **June, 2012**.

*(signature)*

Nancy F. Atlas
United States District Judge